Before State Industrial Commission, Respondent.

In the Matter of the Claim of Rose Fox, Respondent, for Compensation under the Workmen's Compensation Law, *v.* Bachnor Brothers Co., Inc., Employer, and the Travelers Insurance Company, Insurance Carrier, Appellants.

Third Department, May 5, 1920.

**Workmen's Compensation Law — determination of weekly wage where claimant employed for five weeks only preceding injury — when average wages of employee of same class used as basis — compensation for loss of leg where weekly wage less than five dollars.**

Where a claimant had been engaged for a period of five weeks only before the injury, her average weekly wage cannot be determined by applying the provision of subdivision 1 of section 14 of the Workmen's Compensation Law.

And where the claimant was new at the work her weekly wage should be determined under subdivision 2 of section 14 of the Workmen's Compensation Law by taking as a standard the average wage of an employee of the same class in a similar employment in the same or a neighboring place.

Compensation awarded for the loss of a leg where the weekly wage is less than five dollars per week must be, under subdivision 5 of section 15 of the Workmen's Compensation Law, the full amount of the weekly wage.

Appeal by the defendants, Bachnor Brothers Co., Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 27th day of June, 1919.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

H. T. Kellogg, J.:

The claimant has been awarded compensation for ninety per cent of the loss of the use of the right leg, at a rate calculated upon the basis of a weekly wage of nine dollars. At the time of her injury she had been engaged in the manufacture of gloves for the period of five weeks. She fetched the gloves upon which she worked to her home, and there performed her work. The highest weekly wage she had earned was three dollars and sixty cents and the lowest was twenty-five cents. It is plain that this is not a case where weekly wages may be determined by applying the provision of subdivision 1 of section 14 of the Workmen's Compensation Law, for the reason that the claimant had not been employed substantially for a year immediately preceding the injury. As the claimant was new to the work it would also be unfair to estimate her weekly wages by using as a sole criterion the actual earnings made by her. We must have recourse, therefore, to subdivision 2 of the section, and take as a standard the average wages of an employee of the same class in a similar employment in the same or a neighboring place. It appeared without contradiction that employees in this vicinity who took gloves home for work thereupon averaged three dollars per week. It is provided in subdivision 5 of section 15 that for the loss of a leg the compensation awarded shall not be less than five dollars a week. This provision is immediately succeeded by the following condition: " provided, however, that if the employee's wages at the time of injury are less than five dollars per week he shall receive his full weekly wages." It is evident, therefore, that the compensation payable is three dollars per week, for under the method of determining wages which must be used here that is the sum which must be regarded as the " full weekly wages " of the claimant.

The award is reversed and the claim remitted to the Commission for further action in the premises in accordance herewith.

All concur.

Award reversed and matter remitted to the Commission for further action.